YEE & KAWASHIMA LLLP

JARED N. KAWASHIMA      6289
CHRISTIN D. W. KAWADA      10038
1000 Bishop Street, Suite 908
Honolulu, Hawaii 96813
Telephone: (808) 524-4501
Facsimile: (888) 524-0407

Attorney for Plaintiffs
HAWAII TEAMSTERS
HEALTH AND WELFARE TRUST

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII TEAMSTERS HEALTH AND WELFARE TRUST, <br><br> Plaintiffs, <br><br> vs. <br><br> YRC, INC. DBA YELLOW TRANSPORTATION DBA YRC FREIGHT; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE GOVERNMENTAL AGENCIES 1-10, DOE TRUSTS 1-10, <br><br> Defendants. | CIVIL NO. _____ <br><br> COMPLAINT; SUMMONS |

## COMPLAINT

COME NOW Plaintiffs above named by and through its counsel, Yee

& Kawashima LLLP, and for Complaint against Defendant above named allege and aver as follows:

1.     Plaintiffs are the Trustees of the Hawaii Teamsters Health and Welfare Trust (hereinafter referred to as "Trust Fund").

2.     This action arises under the Labor-Management Relations Act, 1947, as amended, the Employee Retirement Income Security Act of 1974, and the Multiemployer Pension Plan Amendments Act of 1980, as hereinafter more fully appears.  Jurisdiction is founded on questions arising thereunder and more specifically under 29 U.S.C. §§ 1145 and 1132(a) and (f).

3.     At all times relevant herein, the above-named Trust Fund was, and now is, an employee benefit plan organized and existing under the laws of the United States and whose principal offices are in the City and County of Honolulu, State of Hawaii.  At all times herein mentioned, the above-named Trust Fund was, and now is, an express trust created by a written trust Agreement subject to and pursuant to the Labor-Management Relations Act and a multiple employer benefit plan within the meaning of Sections 3 and 4 of the Employee Retirement Income Security Act (29 U.S.C. §§ 1002 and 1003).

4.     At all times relevant herein, Defendant YRC, INC. DBA YELLOW TRANSPORTATION ("YRC") was a Hawaii corporation doing business in the City and County of Honolulu, State of Hawaii.

5.    YRC FREIGHT is the registered trade name of Defendant

YRC, INC. DBA YELLOW TRANSPORTATION in the State of Hawaii.

6.    Defendants John Does 1-10, Jane Does 1-10, Doe Partnerships

1-10, Doe Corporations 1-10, Doe Governmental Agencies 1-10, and Doe Trusts

1-10 are sued herein under fictitious names for the reason that their true names and

identities are presently unknown to Trust Fund except that they are connected in

some manner with the named Defendant and/or were the agents, servants,

employees, employers, representative, co-venturers, associates of the named

Defendant and/or were in some matter presently unknown to the Trust Fund

engaged in the activities alleged herein and/or were in some manner responsible

for the injuries or damages to the Trust Fund. Trust Fund has made a diligent

effort to ascertain the true names, identities, capacities, activities and/or

responsibilities of said unidentified Defendants but have been unable to do so to

date. Trust Fund prays for leave to insert herein unidentified Defendants' true

names, identities, capacities, activities and/or responsibilities when the same are

ascertained.  Trust Fund has made a diligent and good-faith effort to ascertain the

full name, identity, and interest in this action of Defendants John Does 1-10, Jane

Does 1-10, Doe Partnerships 1-10, Doe Corporations 1-10, Doe Governmental

Agencies 1-10, and Doe Trusts 1-10 including, but not limited to, investigative

efforts to locate witnesses and other persons who may have knowledge of, or

contributed to causing the injuries or damages to the Trust Fund, and to identify their roles with respect to same.

7.   Defendant YRC agreed to abide by all terms and conditions of the "Agreement by and between YRC Freight, Inc. and Hawaii Teamsters and Allied Workers, Teamsters Local 996", effective April 1, 2012 to March 31, 2019 (the "Agreement").

8.   Trust Fund is a third party beneficiary of the Agreement.

9.   Trust Fund is administered pursuant to written trust agreement, which is incorporated to the Agreement by its reference.

<u>COUNT I (YRC – Contributions and Damages)</u>

10.   By agreeing to abide by such Agreement and as established by past practice between the parties, YRC promised to pay to the Trust Fund certain amounts for employee benefits, for work and labor performed by YRC's covered employees.

11.   The Trust Fund's written trust agreement, collection procedures and past practice of the parties requires YRC to submit timely reports to the Trust Fund regarding hours worked by YRC's covered employees, which reports would be submitted to the Trust Fund on or before the due dates as specified in said procedures.

12.   The written trust agreement, collection procedures and past practice of the parties required that in the event any monthly contributions were not paid when due, YRC would pay to the Trust Fund liquidated damages in the amount of ten percent (10%) of such delinquent and unpaid contributions due to each respective fund or twenty five dollars ($25.00), whichever is greater, for each and every delinquent monthly contribution payment as provided by said Agreement, as amended, for each delinquency as and for liquidated damages and not as a penalty.

13.   YRC has failed to pay Trust Fund contributions and or other amounts owing to Trust Fund under the Agreement for the period of August 2016 through March 2017.

14.   YRC's obligations to Trust Fund to make contributions are continuing obligations and YRC may accrue and owe additional amounts plus liquidated damages and/or interest up to the time of trial or proof.

15.   At all times herein mentioned it was, and now is, impracticable and extremely difficult to fix the amount of actual damages to Trust Fund as a result of the non-payment of said contributions.  The amounts agreed upon herein, as hereinbefore alleged, as and for liquidated damages, represented and now represent a reasonable endeavor to ascertain and compensate for the damages caused the Trust Fund by the non-payment of said contributions.

16.     Pursuant to the written trust agreement and collection procedures, Trust Fund is entitled to an award of attorneys' fees and costs because it became necessary for the Trust Fund to take legal action to enforce payment of contributions and/or liquidated damages from YRC.

17.     Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, as amended by the Multiemployer Pension Plan Amendments Act ("MPPAA") govern the enforcement of employer contributions to employee pension and welfare trust funds. ERISA Section 515 (29 U.S.C. § 1145) provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

18.     Section 515 is reinforced by the remedial provisions of ERISA section 502(g):

> (2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan —
>     (A) the unpaid contributions,
>     (B) interest on the unpaid contributions,
>     (C) an amount equal to the greater of
>
>         (i)    interest on the unpaid contributions, or
>
>         (ii)   liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may

be permitted under Federal or State law) of
the amount determined by the court under
subparagraph (A),

(D) reasonable attorney's fees and costs of the action,
to be paid by the defendant, and

(E) such other legal or equitable relief as the court
deems appropriate.

For purposes of this paragraph, interest on unpaid
contributions shall be determined by using the rate
provided under the plan, or, if none, the rate
prescribed under section 6621 of Title 26.

19.     YRC's failure to transmit payments for contributions and

liquidated damages in a timely fashion to Trust Funds for hours worked by its

employees caused damage to Trust Funds in an amount to be proven at trial.

WHEREFORE, Trust Fund prays as follows:

1.     For judgment against YRC for outstanding Trust Fund

contributions and liquidated damages in an amount to be proven at trial, together

with additional damages as may be shown at trial, accrued interest through the

date of judgment, attorneys fees and costs, and such relief as the Court deems just

and equitable.

2.     Such other relief as the Court deems just and equitable.

DATED:  Honolulu, Hawaii, September 5, 2017.


_____/s/ Christin D. W. Kawada_____
JARED N. KAWASHIMA
CHRISTIN D. W. KAWADA
Attorney for Plaintiffs